# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV98

| | |
|---|---|
| VANCE CLIFFORD DALTON, and ) <br> wife, KAY S. DALTON, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>       Vs. ) <br> ) <br> LARRY PIERSON, individually, and as ) <br> a Henderson County Deputy Sheriff; ) <br> DARRIN WHITAKER, individually and ) <br> as a Henderson County Deputy Sheriff; ) <br> GEORGE H. ERWIN, JR., Sheriff of ) <br> Henderson County; and FIDELITY AND ) <br> DEPOSIT COMPANY OF MARYLAND,) <br> ) <br>       Defendants. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Dennis L. Howell. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendants' motion for summary judgment to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the recommendation is adopted in part. **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

# I. PROCEDURAL HISTORY

On April 27, 2004, the Plaintiffs initiated an action in the Henderson County Superior Court alleging causes of action pursuant to 42 U.S.C. § 1983,[1] state law claims for assault and battery, false arrest, and loss of consortium. **Complaint, filed April 27, 2004.** The Defendants removed the action to this Court on May 28, 2004, based on federal question jurisdiction. **Notice of Removal, filed May 28, 2004.** On that date, Defendant Erwin moved to dismiss the action against him because he had been sued in his individual capacity. **Defendant Erwin's Motion to Dismiss, filed May 28, 2004.** Plaintiffs promptly moved to amend the complaint to correct the erroneous citation to Defendant Erwin in his individual capacity instead of in his official capacity. **Motion to Amend, filed June 9, 2004.** On July 2, 2004, the undersigned granted the to motion to amend and clarified that any claim against Defendant Erwin was brought against him only in his official capacity. **Order, filed July 2, 2004.** In addition, the claim for injunctive relief against Defendant Erwin was dismissed because the Plaintiffs failed to respond to that portion of the motion to dismiss. *Id.* Plaintiffs were instructed to submit an amended complaint containing those amendments; however, they filed an amended complaint which contained a claim for injunctive relief against Defendant Erwin. **Amended Complaint, filed July 26, 2004, at 5.** Because that claim was dismissed, the Court clarifies for the record that no such claim remains in the action. The claims which do remain are the § 1983 cause of action, the state law claims for assault and battery and false arrest, and the claim for loss of consortium. Although the

---

[1] The complaint erroneously cites Title 28 as the title within which Section 1983 is found.

Plaintiffs seek punitive damages, the Court will determine after the evidence whether such a claim should be submitted to the jury.

## II. FACTUAL BACKGROUND

On the evening of April 5, 2003, an altercation occurred between the Plaintiff Clifford Dalton (Clifford) and the Defendants Pierson and Whitaker who are deputy sheriffs for the Henderson County Sheriff's Department.[2] It is alleged that Clifford's neighbor, Mr. Fralick, made two separate complaints to the Sheriff's Department on that date to the effect that Clifford was threatening him. The Defendants were dispatched twice to investigate the situation and encountered on two occasions either the Plaintiff or his brother, Dennis. The Defendants were told that Clifford was driving a horse and buggy and they did in fact encounter a man driving a horse and buggy. After stopping that individual, they told him to leave the area and that individual complied with the instruction. The officers did not realize that the man was, in fact, Clifford's brother, Dennis.

After taking a statement from the neighbor, the officers once again encountered Dennis, who now was driving an all terrain vehicle (ATV). Still believing this man to be Clifford, about whom the complaints had been registered, they once again told him to leave the area and he complied.

---

[2]The Court notes that only one of the John Doe Defendants, Darrin Whitaker, has been served and has appeared in the action and the caption of the case has been amended accordingly. No other John Doe Defendant has been identified or added to the case and they are hereby dismissed. The caption has been amended accordingly.

Before the officers could reach the bottom of the mountain, another dispatch was sent to the officers after Fralick had called again with new complaints. As the officers were headed back toward the neighbor's home, they encountered Clifford, not Dennis, on an ATV and entered his land, an open pasture, for the purpose of questioning him. While no explanation is provided by the officers as to why they assumed this man was Clifford, since they had previously assumed Dennis to be Clifford, the officers claim they had been told Clifford was known to carry a gun and disliked law enforcement. As a result, one of the officers attempted to pat down Clifford for a weapon. Clifford, on the other hand, reports that Defendant Pierson failed to identify himself as a deputy and approached him stating, "I ain't running around this G.D. mountain all night." No one disputes that Pierson sprayed pepper spray on Clifford who was taken into custody. The parties agree that the existence and extent of Clifford's injuries allegedly occurring during and after this altercation and at the Sheriff's Department are issues for the jury.

### III. PLAINTIFFS' OBJECTIONS

The Magistrate Judge discussed the law applicable to the lawfulness of the officers' entry onto the Plaintiff's land. Plaintiffs object claiming that his discussion implies that they frivolously opposed the motion for summary judgment as to this issue. The Court has reviewed the pleadings and finds that the Plaintiffs did in fact concede that the officers lawfully entered upon their land during the events at issue. However, there is no indication in the Memorandum and Recommendation that the Plaintiffs were considered to have frivolously opposed the motion on this issue. As a result, the objection is moot.

The Magistrate Judge also found that the officers' decisions to stop Plaintiff Clifford Dalton and to attempt a pat down search for a weapon were lawful. Plaintiffs object to that finding. The undersigned finds this case presents an anomaly because the Defendants did not move for summary judgment on the issue of qualified immunity but on the issue of the lawfulness of their conduct. The first time any reference to qualified immunity is made is in the Defendants' response to the Plaintiffs' objections. Defendants there argue that "it is the Plaintiffs, not the Defendants, who carry the burden of proof both on the merits and as to the deputies' assertion of qualified immunity." **Defendants' Response to Plaintiffs' Objections, filed May 31, 2005, at 3.** For this reason alone, the Plaintiff's objection to this finding must be sustained.

> It is well-settled that qualified immunity is an affirmative defense, and that "the burden of pleading it rests with the defendant." Although [Defendants] technically pled their qualified immunity defense in their answer to the [amended] complaint, they never explained the legal or factual basis for their claim[.] Indeed, their mention of qualified immunity in their answers consisted of only a single, cursory sentence on the matter, contained in a listing of several affirmative defenses[.] . . . Specifically, [Defendants] omitted any mention of qualified immunity from their pre-trial motions to dismiss and for summary judgment[.] . . . Under these circumstances, . . . the defendants waived their right to press seriously their claim of qualified immunity[.]

***Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000),** *cert. denied,* **532 U.S. 1020 (2001) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 586-87 (1998)) (other citations omitted).**

The parties addressed the issue as one of lawfulness, arguing that the decision to stop and pat down Clifford was lawful. Assuming *arguendo* that this argument broached the issue of qualified immunity, the Defendants fare no better.

> "Ruling on a defense of qualified immunity [] requires (1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged

violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the officer's position would have known that doing what he did would violate that right. The first two of these present pure questions of law for the courts. The third . . . may require factual determinations respecting disputed aspects of that conduct."

. . .

"[T]he narrow threshold question whether a right allegedly violated was clearly established at the appropriate level of inquiry and at the time of the challenged conduct is always a matter of law for the court, hence is always capable of decision at the summary judgment stage. *Whether the conduct allegedly violative of the right actually occurred, or, if so, whether a reasonable officer would have known that conduct would violate the right, however, may or may not be then subject to determination as a matter of law. If there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate and the issue must be reserved for trial.*"

**Taft v. Vines, 70 F.3d 304, 310-11 (4th Cir. 1995), *on reh'g, aff'd in part and vacated in part*, 83 F.3d 681 (4th Cir. 1996) (quoting *Pritchett v. Alford*, 973 F.2d 307, 312-13 (4th Cir. 1992)).**

In addition to the fact that the Defendants did not move for qualified immunity, they did not place any affidavits or depositions before the Court from other individuals involved in the matter. Nothing has been provided by the neighbor who allegedly complained that Clifford was on his property, refusing to leave and threatening him. The matter is only complicated by the officers' admission that Dennis, whom they thought was actually Clifford, followed their instructions twice to leave the area and offered no resistence.

> Believing the male to be [Clifford], and seeing that he appeared to be intoxicated, I got out of my car and told him that we had received a call he was bothering his neighbors and that he should just continue on home and not bother them any further. He glared at me as though unhappy we were there and then continued on his way.
> . . .
> As we headed back down the mountain the same male who had been driving the buggy came towards us on a four wheel ATV. As we passed each other I told him to keep going and not to stop and bother his neighbors any more. He once again glared at me and the other deputies and I continued down the mountain.

**Declaration of Larry Pierson in Support of Defendants' Motion for Partial Summary Judgment, filed April 8, 2005, ¶¶ 3, 5.** The individual whom the officers thought to be Clifford on two separate occasions peacefully followed their instructions.

Dennis, on the other hand, has provided an affidavit in which he claims it was he who got into the argument with Fralick because he thought Fralick and his house guests were riding ATV's through his open pasture and damaging the grass. **Affidavit of Dennis Dalton, filed May 2, 2005.** Yet, on the two occasions when the officers encountered Dennis, no one alleges anything other than a peaceful exchange.

After reaching the bottom of the mountain, the officers received a new call from their dispatcher reporting that Clifford had gone back into his neighbor's yard, this time driving an ATV. Before the officers reached the neighbor's home, they encountered Clifford, not Dennis, standing next to his ATV in his pasture. But the officers have placed nothing before the Court to clarify whether they knew the identify of this new individual. All along they had assumed Dennis to be Clifford and the information about the dangerous individual thus related to Dennis, the man whom they thought to be Clifford. Dennis was also the man who had peacefully moved on each time they told him to do so. The man whom they encountered on their last run was not that man. However, the Defendants have not presented any information about why they now assumed this individual to be Clifford, if indeed they did make such an assumption. Nor have they provided any evidence as to why they assumed this individual was armed and/or dangerous. While they had evidence that the man they thought was Clifford was armed and/or dangerous, their encounters with him had been insignificant. Thus, whether the deputies had reasonable cause to suspect this new individual of carrying a gun is not something which may be resolved on

summary judgment, especially in view of the fact that the Defendants have never moved for qualified immunity. Moreover, Clifford reports that Defendant Pierson did not identify himself as a deputy and immediately exclaimed that he was not going to go up and down the mountain all night. Whether the conduct unfolded as reported by Clifford or by Defendant Pierson creates a genuine issue of historical as well as material fact. "'If there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate and the issue must be reserved for trial.'" ***Taft, supra*, at 315 (quoting *Pritchett, supra*, at 313).**

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' first objection concerning the entry onto the Plaintiffs' land is hereby **DENIED** as moot, the Plaintiffs having conceded the same; and

**IT IS FURTHER ORDERED** that the Plaintiffs' second objection concerning the "lawfulness" of the stop and pat down is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant's motion for summary judgment is hereby **GRANTED IN PART AND DENIED IN PART** in accordance with this decision.

**IT IS FURTHER ORDERED** that the Plaintiffs' claims against Defendants John Doe II, III, IV and V are hereby **DISMISSED**.

**Signed: June 8, 2005**

Lacy H. Thornburg
United States District Judge