# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# 1:04cv98

VANCE CLIFFORD DALTON, and
wife**,** KAY S. DALTON,
              Plaintiffs,
      Vs,

LARRY PIERSON, individually, and as
a Henderson County Deputy Sheriff;
DARRIN WHITAKER, individually and as
a Henderson County Deputy Sheriff;
GEORGE H. ERWIN, JR., Sheriff of
Henderson County; and FIDELITY AND DEPOSIT
COMPANY OF MARYLAND,

        Defendants.


## Clerk's Taxation of Costs


This matter is before the Clerk by the filing of a Bill of Costs by Defendant Larry Pierson on October 25, 2005.

Plaintiffs have not filed any Objections to the Bill of Costs.

Defendant requests taxation of costs in the amount of $2,100.97 for the following items:

1.) <u>$1,325.60 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.</u> Discovery in federal cases necessitates the taking of depositions. Costs associated with the original and one copy of the transcript are recoverable costs under 28 U.S.C.§1920(2) which provides in pertinent part:

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained in the case . . .

**Title 28 U.S.C.§1920(2).**

Local Rule 54.1 also permits the taxing of the costs of depositions which were necessary for use in the litigation. This rule provides in pertinent part:

> (C)(1)(I) . . . the costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation . . .

**Local Rule 54.1(C)(1)(I).**

The Fourth Circuit has also held that even if depositions are not actually used at trial, the cost of the transcripts are recoverable if taking the deposition seemed reasonably necessary in light of the particular situation existing at the time of taking. See, <u>LaVay Corp. v. Dominion Federal Savings and Loan Association</u>, 830 F 2d 522, 528 (4th Cir. 1987), 28, 98 L. Ed. 2d 991 (1988). Further, taxable costs are not limited to the number of deposition pages necessary for the motion for summary judgment as at the time of taking the depositions, defendant could not know which aspects of the deposition or whose deposition would be needed for preparation of the motion for summary judgment until after the deposition is taken. See, <u>Jop v. City of Hampton, VA</u>, 163 F.R.D. 486, 488 (E.D. VA. 1995).

Therefore, the costs of the court reporter for all or any part of the transcript necessarily obtained for use in the case are **AWARDED** in the amount of $1,325.60.

2.) <u>$ 725.92 for fees for witnesses.</u>  Witness fees are an allowable cost in 28 U.S.C §1920(3) which states in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:

(3) Fees and disbursements for printing and witnesses.

**Title 28 U.S.C.§1920(3).**

Therefore, the fees for witnesses in the amount of $725.92 are **AWARDED**.

4). $49.95 for fees for exemplification and copies of papers necessarily obtained for use in the case.  Reasonable costs for exemplification and copies of papers necessarily obtained for use in the case are generally allowed to the prevailing party per 28 U.S.C.§1920 which provides in pertinent part:

> A judge or clerk of any court . . . may tax costs the following:
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case.

**Title 28 U.S.C.§1920(4).**

Therefore, the fees for exemplification and copies of papers necessarily obtained for use in the case are **AWARDED** in the amount of $49.95.

**THEREFORE, total costs in the amount of $2,100.97 are AWARDED in favor of the Defendant and against Plaintiffs.**

Either party may appeal this Taxation of Costs to the Court within five (5) days after receipt of this notice of taxation.

**SO ORDERED this 14th day of November, 2005.**

**Signed: November 14, 2005**

Frank G. Johns, Clerk
United States District Court